Jermany Devon Thomas

1116 Tempe Drive

Hanford, California 93230

1-559-572-2086



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jermany Devon Thomas,<br><br>    Plaintiff,<br><br>v.<br><br>Fresno City College, Tony Cantu, Christopher Villa, Laurel Blackerby-Slater, Gerard Johnson,<br><br>    Defendant. | No. [Number]<br><br>**Complaint**<br><br>1: 15 CV - 00 8 2 6 LJO BAM |

Jurisdiction

This court has jurisdiction over the lawsuit because the suit arises under article 3 section 2 to the United States Constitution. There is an adverse legal interest in which the defendants have acted in such a way as to invade, or prejudicially affect the rights of the plaintiff. Plaintiff has been subjected to a "pattern" of harassment arising out of the defendants alleged violations of local state and federal law. Sustained injuries can be fairly traced to a challenged action that was submitted to the jurisdictional regulatory branch, namely the Office for Civil Rights. Initiation of the power of the federal court will likely redress the injuries. It is so requested that the federal court in its mercy grant jurisdiction over the matter.

1

Venue

Venue is proper in this district under 28 U.S.C.A. §1391 (b) (2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Civil Rights jurisdictional statute contains no specific venue provision; and general venue requirements are applicable. Buhl v. Jeffes, M.D.Pa.1977, 435 F.Supp. 1149.

Conditions Precedent

All conditions precedent have been performed or have occurred.

**Facts**

May 1st 2014 plaintiff filed an internal complaint against Fresno City College. This action was taken subsequently preceding multiple informal complaints communicated to the alleged defendants, regarding acts of discrimination and hostile learning environment. The actions caused the plaintiff and students of a protected class to be deprived of the right of an equal an appropriate education free from discriminatory animus. Contrary to Fresno City College's Administrative Regulation proposal which proposes the investigation process of complaints filed states; "Timeline for Completion... The District will undertake its investigation promptly and swiftly as possible. To that end, the investigator shall complete the above steps, and prepare a written report within 90 days of the District receiving the complaint." Fresno City College Lapsed that 90 days by exactly 195 days. There was a systematic Design to defeat the plaintiffs interest on all aspects of personal liberty. The defendants conducting themselves with a reckless disregard of the law and exhibited willful intent to conspire. The rights of the plaintiff were violated and a deprivation thereof ensued. Fresno City College's Administrative Regulations 3435 stipulates that; All supervisors and managers had a mandatory duty to report incidents of discrimination and or harassment, the existence of a hostile, offensive or intimidating work environment, and acts of retaliation. The defendants created a danger for the plaintiff when they violated statutory

standard. The plaintiff underwent a tremendous amount of distress and a loss of substantive due process in respect to inalienable rights protected by the United States Constitution. There was a complaint filed internally, then to the local branch of the regulatory body namely the Office for Civil Rights dated February 6th 2015. The adverse legal interest is the continued legal validity of inalienable rights comprehended within the liberty protected under the Due process clause.

## Causes of Action—Generally

### Count 1—U.S. Const., amend. XIV, §1, cl. 2

### Substantive due process

No State shall deprive any person of life, liberty, or property, without due process of law. It is alleged that the defendants in the above mentioned complaint violated a constitutionally protected right to privacy when they began disclosing medical information in a false light. A right to privacy regarding medical condition cannot be disclosed publicly by the university in absence of release by patient or valid court order. Fresno City College failed to exhibit professional judgment to the likelihood that the violation of a federally protected right would be likely. The disparate treatment created an impact that demonstrated a magnitude of actual harm that is truly conscience shocking.

### Count 2—Cal. Const., Art. I §2(a)

### Liberty of Speech

It is alleged that Fresno City College squelched the right of speech by systematically depriving the plaintiff the right of association, and personal liberty. Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press.

### Count 3—42 U.S.C.A. §1985(3)

### Depriving persons of rights or privileges

It is alleged that Fresno City College encouraged others to foment violence, and to provoke

3

breaches of peace. The defendants under color of the law encouraged others to conspire with them to violate state and federal laws so as to deprive the plaintiff of his federally guaranteed civil rights. If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

## Count 4—42 U.S.C.A. §1986
### Neglect to prevent conspiracy

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any

party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefore, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued. It is alleged that Fresno City College willfully and unlawfully initiated discriminatory practices. The defendants knew of complaints of harassment and hostile learning environment. The defendants obstructed all effort of an even handed administration of justice.

### Count 5—Cal. Const., Art.1, §1
### Inalienable Rights

"All people are by nature Free and independent and have inalienable rights; among these are enjoying and defending life and liberty; acquiring, possessing, and protecting property; and pursuing and obtaining safety, happiness, and privacy." It is alleged that In carrying out the primary mission of education the defendants disregarded inalienable rights of the plaintiff.

### Count 6—504 of Rehabilitation Act of 1973
### Protection of qualified individuals from Discrimination

It is alleged that Fresno City College acted with deliberate indifference to people with disabilities. Fresno City College characterized otherwise qualified individuals based on a preconceived notion of being disabled. Negligently utilizing this assumption to harass and humiliate the plaintiff.

### Count 7—Intent to discriminate; deliberate indifference—Education setting

It is alleged that Fresno City College willfully and unlawfully acted with the intent to discriminate and did so with deliberate indifference to the strong likelihood that a violation of federally protected rights would result. The private actors within the entity arbitrarily, engaged in discriminatory classification of handicapped persons which is cognizable under both federal

statute governing civil action for deprivation of rights and Fourteenth Amendment. The negligent intentional discrimination resulted in a disparate treatment, which shocked all common decency. All students are afforded a free equal and appropriate education the defendants acted with deliberate indifference. Students have legitimate entitlement to a free public education as property interest which is protected by Due Process Clause and which may not be taken away for misconduct without adherence to minimum procedures required by Due Process Clause. The defendants had substantial knowledge that harm to a federally protected right was substantially likely. Yet Fresno City College operated in bad faith and was deliberate in failing to act upon that likelihood.

**Count 8—Hostile work environment—other hostile environments**

It is alleged that Fresno City College willfully and unlawfully created a hostile learning environment, subjecting a protected class of students to unwelcome harassment; the harassment was sufficiently severe and pervasive enough that it altered the conditions of the plaintiff's education and created an abusive educational environment.

**Count 9—Title VII of the Civil Rights Act Retaliation**

It is alleged that Fresno City College willfully and unlawfully violated Title VII of the Civil Rights Act when the defendants coerced then retaliated, because said individual engaged in litigation in order to defend basic civil rights. The defendants conspired, coerced then retaliated against the defendant because he exercised his free speech rights during an informal investigation, in concert with a complaint to the public officials about discrimination.

**Count 10—29 U.S.C.A. 794**

**Nondiscrimination under federal grants and programs**

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

### Count 11—Penal Code 422.6(a)
### Use of Force to interfere with another's Exercise of Civil Rights

No person, whether or not acting under color of law, shall by force or threat of force, willfully injure, intimidate, interfere with, oppress, or threaten any other person in the free exercise or enjoyment of any right or privilege secured to him or her by the Constitution or laws of this state or by the Constitution or laws of the United States in whole or in part because of one or more of the actual or perceived characteristics of the victim listed in subdivision(a) of Section 422.55. It is alleged that Fresno City College subjected the plaintiff to threat of violence based on his disability. Aside from the plaintiff being a Honor student consistently at the Junior College, the defendants purposely disregarded the interest of equality and the most basic of rights. The right to be left alone after repeated demands and refusals to do so. It is further stated that the public forum to advance ideas and air grievances was non existent to select individuals.

### Count 12—Negligent Infliction of Emotional Distress

It is alleged that Fresno City College willfully and unlawfully negligently inflicted emotional distress. Plaintiff was the victim of the above-described incidents and was personally subjected to the resultant actions based upon the foregoing acts of the Defendant. Because of the intentional, wilful, wanton and oppressive acts of the defendant, and as a proximate result thereof, Plaintiff

sustained great emotional disturbance and shock and injury to his Inalienable Rights, all of which causes and continues to cause and, will cause great physical and mental pain and suffering, all to his damage, in an amount not yet ascertained but, which should be awarded, according to proof. As a proximate cause party's began to intimidate and make explicit threats of committing the penal code 187 against the plaintiff.

### Request for Preliminary Injunction

Plaintiff will likely suffer irreparable injury if defendant is not enjoined while this suit is pending from willfully intimidating, interfering with or oppressing free exercise and enjoyment of rights and privileges secured by the Constitution and laws of this State and Constitution. {The plaintiff has sustained tremendous amount of mental and emotional pain. The actions that are being committed is more than just a mere insult or put down. Because of the violation of the statute in which is was designed, in order to prevent such conduct. Participants have resulted in making explicit threats to commit the penal code violation 187 against the plaintiff. The plaintiff undergoes a public assertion of public perception of a right to conspire and coerce the judicial proceedings. The acts are so egregious that the conduct is unbearable to a normal civilized person. The frequency of such conduct is pervasive and passive aggressive. However the level of severity of the conduct to the plaintiffs societal rights places the plaintiff in fear for his life and safety. Granting of a preliminary would likely vindicate the rights of the plaintiff pending the hearing of such request. It is also requested that the above defendants, their attorneys and any other parties enjoined to this matters refrain from unlawfully obtaining and disclosing publicly, the medical information of the plaintiff. During the course of these sequence of events the plaintiff has endured harassment which has continued to be communicated to be unwelcome publicity. The plaintiff has sustained irreparable injuries that will be included in exhibits through further litigation.

There is no adequate remedy at law because the defendants have interfered with the even handed

8

administration of justice, abusing authority to obstruct the judicial process.

There is a substantial likelihood that plaintiff will prevail on the merits because {circumstantial and direct evidence will show that the defendants acted with the intent to discriminate.

The harm faced by plaintiff outweighs the harm that would be sustained by defendant if the preliminary injunction were granted. There is an adverse legal interest in which the defendants have acted in such a way as to invade, or prejudicially affect the rights of the plaintiff. Plaintiff has been subjected to a "pattern" of harassment arising out of the defendants alleged violations of local state and federal law. The defendant continues to undergo a violation of the right to be left alone even though there has been request to discontinue the harassing behavior pending the strict scrutiny of a magistrate judge.

Issuance of a preliminary injunction would not adversely affect the public interest. {In fact the preliminary injunction will reassert the even handed administration of justice and preliminary grant all parties the right of equal protection of the laws granted by the United States Constitution.

Plaintiff asks the Court to set its application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against defendant.

Dated this 30th of May, 2015

Jermany Devon Thomas---Pro Se Litigant