UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMANY DEVON THOMAS,<br><br>          Plaintiff,<br><br>    v.<br><br>FRESNO CITY COLLEGE, *et al.*,<br><br>          Defendants. | 1:15-cv-00826 LJO BAM<br><br>**MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER** (Doc. 6) |

      Jermany Devon Thomas ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, filed this action on June 1, 2015 against Fresno City College and various individuals ("Defendants"). Doc. 1. On August 3, 2015, the Court received a document entitled "Complaint for Temporary Restraining Order, Prohibitory and Permanent Injunctions, and Damages." Doc. 6. To the extent this document may be construed as a motion for a temporary restraining order ("TRO"), any such motion is DENIED for the reasons set forth below, as the requirements for a TRO have not been established.

      A party seeking preliminary injunctive relief, such as a TRO, "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). In addition, a motion for a TRO is also subject to Eastern District of California Local Rule 231, which provides, among other things:

> In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the

applicant's allegations of irreparable injury and may deny the motion solely on either ground.

E.D. Cal. Local Rule 231(b). In addition, the moving party is required to provide, among other things "a brief on all relevant legal issues presented by the motion;" and "an affidavit in support of the existence of an irreparable injury." E.D. Cal. Local rule 231(c).

Although the factual underpinnings of Plaintiff's allegations are not entirely clear, the Complaint in this case appears to concern a May 1, 2014 internal complaint Plaintiff filed against Defendant Fresno City College. Doc. 1 at 2. Plaintiff appears to contend that Defendants failed to comply with internal procedures by delaying their response to the internal complaint. *Id*. Plaintiff also mentions the filing of another internal complaint with the Office of Civil Rights on February 6, 2015. *Id*. at 3. Plaintiff makes passing references to acts of discrimination and a hostile learning environment, but sets forth no specifics regarding either the acts of Defendants or the timing of those acts. *Id*. at 2-3. Nowhere in either the Complaint or his August 3, 2015 filing does Plaintiff explain how he is likely to succeed on the merits of his claims; how the extraordinary relief of a TRO will prevent irreparable injury to him; or why, even assuming, *arguendo*, irreparable injury is ongoing, he could not have sought emergency relief at an earlier date. Therefore, the Court finds no basis for the issuance of a TRO.

## **CONCLUSION AND ORDER**

To the extent Plaintiff's August 3, 2015 filing may be construed as a request for a TRO, any such motion is DENIED. The Magistrate Judge shall proceed to screen the complaint according to normal procedures applicable to *in forma pauperis* cases.

IT IS SO ORDERED.

Dated:   **August 6, 2015**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

2