1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JERMANY DEVON THOMAS,

10              Plaintiffs,

11      v.

12  FRESNO CITY COLLEGE et al.,

13              Defendants.

14

) Case No. 1:15-cv-00826-LJO-BAM
)
) ORDER DISMISSING COMPLAINT WITH
) LEAVE TO AMEND
) (ECF No. 1)
)
)
) THIRTY-DAY DEADLINE
)
)

15                          **SCREENING ORDER**

16      Plaintiff Jermany Devon Thomas ("Plaintiff") proceeds pro se and in forma pauperis in

17  this civil action.  Plaintiff's Complaint, filed on June 1, 2015, is currently before the Court for

18  screening.

19      **Screening Requirement**

20      The Court is required to screen complaints brought by persons proceeding in pro per.  28

21  U.S.C. § 1915(e)(2).  Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is

22  frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

23  monetary  relief  from  a  defendant  who  is  immune  from  such  relief.    28  U.S.C.  §

24  1915(e)(2)(B)(ii).

25      A complaint must contain "a short and plain statement of the claim showing that the

26  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

27  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

28  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

1

1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).   While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).   The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### Plaintiff's Allegations

Although the factual underpinnings of Plaintiff's allegations are not entirely clear, the Complaint in this case appears to concern a May 1, 2014 internal complaint Plaintiff filed against Defendant Fresno City College. (Doc. 1 at 2). Plaintiff alleges that Defendant Fresno City College failed to comply with internal procedures by delaying its response to the internal complaint. *Id.* Plaintiff also mentions the filing of another internal complaint with the Office of Civil Rights on February 6, 2015. *Id.* at 3. Plaintiff makes passing references to acts of discrimination and a hostile learning environment, but sets forth no specifics regarding either the acts of Defendants or the timing of those acts. *Id.* at 2-3.

### DISCUSSION

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  Plaintiff will be granted leave to amend his claims to the extent he can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

///

1

A. **Pleading Standards**

2

      1. **Federal Rule of Civil Procedure 8**

3

      Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

4

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

5

As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the

6

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

7

556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as

8

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

9

*Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are

10

not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

11

    Plaintiff's complaint is neither short nor plain. As a general matter, Plaintiff's complaint

12

lacks important details regarding what happened, when it happened and who was involved.

13

Absent this basic factual information, the Court cannot determine whether Plaintiff states a

14

cognizable claim.

15

      2. **Linkage Requirement**

16

    The Civil Rights Act, under which certain causes of action proceed, provides:

17

      Every person who, under color of [state law] ... subjects, or causes to be

18

      subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party

19

      injured in an action at law, suit in equity, or other proper proceeding for redress.

20

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

21

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See*

22

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v.*

23

*Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a]

24

person 'subjects' another to the deprivation of a constitutional right, within the meaning of

25

section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

26

perform an act which he is legally required to do that causes the deprivation of which complaint

27

is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

28

1      Plaintiff fails to specifically link any of the individual defendants identified in the caption

2  of this action to his claims.  Plaintiff merely lumps all "defendants" together in his claims.  If

3  Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did

4  not do that resulted in a violation of his constitutional rights.

5         **3.  Eleventh Amendment Immunity**

6      Insofar as Plaintiff attempts to bring claims against Fresno City College pursuant to 42

7  U.S.C. § 1983, 1985 and 1986, he may not do so.  Defendant Fresno City College, as part of the

8  State Center Community College District, is entitled to Eleventh Amendment Immunity on these

9  claims.

10      Within California, the Ninth Circuit has determined that Eleventh Amendment immunity

11  extends to California community college school districts.  *Cerrato v. San Francisco Cmty. Coll.*

12  *Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (community college districts are entitled to Eleventh

13  Amendment immunity as dependent instrumentalities of the state of California) (citing

14  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)); *Belanger v. Madera Unified*

15  *School Dist.*, 963 F.2d 248, 254 (9th Cir. 1992) (school districts in California are considered

16  agents of the state to which Eleventh Amendment immunity extends); *Lopez v. Fresno City*

17  *College*, No. 1:11-CV-01468 AWI-MJS, 2012 WL 844911, * 6-7, (E.D. Cal. Mar. 12, 2012)

18  (State Center Community College District, erroneously sued as Fresno City College, entitled to

19  Eleventh Amendment immunity in section 1983 civil rights action involving claims for

20  constitutional violations and violations of various administrative policies).  Thus, Plaintiff's civil

21  rights claims against Fresno City College are barred.

22      **B.  <u>Legal Standards</u>**

23         **1.  Count One:  Substantive Due Process – Privacy**

24      Plaintiff alleges that the individual defendants violated his right to privacy under the

25  Fourteenth Amendment to the United States Constitution "when they began disclosing medical

26  information in a false light."  (Doc. 1 at 3.)

27      The right to privacy encompasses an individual's interest in avoiding disclosure of

28  personal matters, *Whalen v. Roe*, 429 U.S. 589, 599, (1977), and has been held to extend to the

disclosure of medical or psychiatric records to the public and/or family members. *See*, *e.g.*, *Harris v. Thigpen*, 941 F.2d 1495, 1513 (11th Cir. 1991); *Allen v. Hall*, 1993 WL 20136, *1-2 (D. Or. Jan. 27, 1993).  Here, Plaintiff has failed to identify the medical information allegedly disclosed by individual defendants or any other factual information sufficient to support a privacy claim.  Defendant Fresno City College is entitled to Eleventh Amendment immunity on this claim.

### 2.   Count Two:  California Constitution – Speech

The second count of Plaintiff's complaint asserts a violation of the free speech guarantees of the California Constitution.  In relevant part, section 2 provides that "[e]very person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."  Cal. Const. art. I, § 2.  Plaintiff's complaint does not contain any factual allegations related a free speech claim. Further, it is unclear if Plaintiff is attempting to pursue a violation of California Civil Code section 52.1, which creates liability

> [i]f a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California].

Cal. Civ. Code § 52.1(a).

### 3.   Counts Three and Four:  42 U.S.C. §§ 1985, 1986

Plaintiff asserts that "defendants" encouraged a conspiracy to violate his civil rights. Section 1985 prohibits conspiracies to interfere with certain civil rights.  A claim pursuant to section 1985 must allege facts supporting an allegation that the individual defendants conspired. "A mere allegation of conspiracy without factual specificity is insufficient."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).   Plaintiff's complaint does not include any facts supporting a conspiracy claim by the individual defendants, and his section 1986 claim against Defendant Fresno City College is barred.

1   "Section 1986 imposes liability on every person who knows of an impending violation of

2   section 1985 but neglects or refuses to prevent the violation." *Id.* Therefore, a section 1986

3   claim only may be stated if the complaint contains a valid section 1985 claim. *Id.* Here, Plaintiff

4   has not stated a valid section 1985 claim.

5   ### 4.  Count Five:  California Constitution

6   Plaintiff has alleged a violation of California Constitution, Article I, § 1, which provides:

7   "All people are by nature free and independent and have inalienable rights. Among these are

8   enjoying and defending life and liberty, acquiring, possessing, and protecting property, and

9   pursuing and obtaining safety, happiness, and privacy." Cal. Const., art. I, § 1.  Plaintiff has not

10  included any factual allegations against the defendants to support this purported claim.

11  ### 5.  Counts Six and Ten:  Section 504 of the Rehabilitation Act – Discrimination

12  To establish a violation of § 504 of the Rehabilitation Act, a plaintiff must show that (1)

13  he is an individual with a disability; (2) he is otherwise qualified for the benefit or services

14  sought; (3) he was denied the benefit or services of the program solely by reason of his

15  disability; and (4) the program receives federal financial assistance. *See Duvall v. Cnty. of*

16  *Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

17  Plaintiff's complaint fails to allege any facts establishing the elements of a Section 504

18  claim.  At the most basic level, Plaintiff fails to allege that he is an individual with a disability or

19  that he was denied a benefit or service by reason of a disability.  Rather, Plaintiff appears to

20  allege that he was improperly characterized as disabled.  If Plaintiff cannot establish that he is an

21  individual with a disability, then he cannot state a Section 504 claim.

22  ### 6.  Count Seven:  Equal Protection

23  Although unclear, it appears that Plaintiff is asserting an equal protection claim based on

24  disability.

25  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of

26  the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or

27  purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v.*

28  *City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d

1  1193, 1194 (9th Cir. 1998).   However, the disabled "are not a protected class for purposes of

2  equal protection under the Fourteenth Amendment." *Gamble v. Escondido*, 104 F.3d 300, 307

3  (9th Cir. 1996) (citing *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 446, 105

4  S.Ct. 3249, 87 L.Ed.2d 313 (1985)).   Accordingly, Plaintiff cannot state a disability-based equal

5  protection claim.

6  ### 7.   Counts Eight and Nine:  Title VII – Employment Discrimination

7      To the extent Plaintiff is pursuing a discrimination action pursuant to Title VII of the 1964

8  Civil Rights Act, 42 U.S.C. § 2000e-5, *et seq,* in Counts 8 and 9, his claims are not cognizable.

9      As an initial matter, Title VII only protects employees, not students or other non-employees.

10 *Adcock v. Chrysler Corp*., 166 F.3d 1290, 1292 (9th Cir. 1999). Thus, Plaintiff is "entitled to the

11 protections of Title VII only if []he is an employee" of Fresno City College. *Murray v. Principal*

12 *Fin. Group, Inc*., 613 F.3d 943, 944 (9th Cir. 2010).   Plaintiff fails to allege that he is an

13 employee.   Rather, Plaintiff's claim that defendants created a "hostile learning environment"

14 suggests that he was student.   Further, Title VII only prohibits discrimination on the basis of

15 "race, color, religion, sex, or national origin," not disability.  42 U.S.C. § 2000e-2.  Accordingly,

16 Plaintiff fails to state a cognizable Title VII claim.

17 ### 8.   Counts Eleven:  Cal. Penal Code § 422.6(a)

18      Plaintiff alleges a violation of California Penal Code section 422.6(a).   Plaintiff has not

19 identified any authority indicating that this cited section of the California Penal Code creates a

20 private right of action.

21 ### 9.   Count Twelve:  Negligent Infliction of Emotional Distress

22      Infliction of emotional distress is a state law tort claim.   *Martinez v. City of Los Angeles*,

23 141 F.3d 1373, 1378 (9th Cir. 1998).   To the extent that Plaintiff seeks to pursue a tort claim

24 under California law, the Government Claims Act requires exhaustion of those claims with the

25 California Victim Compensation and Government Claims Board, and Plaintiff is required to

26 specifically allege compliance in his complaint.  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201,

27 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal.

28 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir.

2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim-Panahi*, 839 F.2d at 627.  Plaintiff has failed to allege such compliance or any facts excusing such compliance.

### C.     Leave to Amend

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting former Fed. R. Civ. P. 15(a)).   As Plaintiff is proceeding pro se, he will be given an opportunity to amend his claims to cure the identified deficiencies.

### CONCLUSION AND ORDER

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

In the amended complaint, Plaintiff shall state as briefly as possible the facts of the case, describing how each defendant is involved.  For each claim, Plaintiff shall clearly and succinctly state the facts identifying the actions or omissions by each individual defendant.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).   Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a cognizable claim;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint;

**3.      If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:    **November 19, 2015**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE