# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMANY DEVON THOMAS,<br><br>    Plaintiffs,<br><br>  v.<br><br>FRESNO CITY COLLEGE et al.,<br><br>    Defendants. | Case No. 1:15-cv-00826-LJO-BAM<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (ECF No. 11)<br><br>THIRTY-DAY DEADLINE |

## **SCREENING ORDER**

Plaintiff Jermany Devon Thomas ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. On November 20, 2015, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (Doc. 10.) Plaintiff's first amended complaint, filed on November 23, 2015, is currently before the Court for screening.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### **Plaintiff's Allegations**

In his first amended complaint, Plaintiff alleges as follows:

> Scccd Community College District implemented a custom policy.  The policy resembled a prevalent English practice.  Beginning with isolation and segregation.  The learning environment began to be permeated with disparaging statements.  I underwent a dehum[a]nization phase and began to be referred to as a skunk and the disease factor.  The inherent environment seemed to have had a particular unity where students and a single instructor began pairing an unconditioned stimuli in class, which was some kind of repetitive hissing sound.  The reinforcing effect caused the stimuli to condition itself to an explicit statement of "disease."  This practice disparately impacted the community whereby it was used to inflict terror.

(Doc. 11 at 5.)  Although not entirely clear, Plaintiff also complains of defendants' purported failure to respond within 5 days of an initial grievance, denial of his free speech rights to publish sentiment on the subject of school bullying, a levy on his property, conspiracy, dissemination of false statements pertaining to medical information that he had a disease, false police reports, false arrests, interference with his education, use of offensive words, extortion, discrimination,

hostile work environment, retaliation and slander.

**DISCUSSION**

As with his original complaint, Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  Plaintiff also appears to have added new, unrelated claims to this action in contravention of the Court's directive that he may not change the nature of this suit by adding such claims.  Nonetheless, as Plaintiff is proceeding pro se, he will be granted a final opportunity to amend his complaint to the extent he can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to his claims.

### A. Pleading Standards

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

As before, Plaintiff's amended complaint is neither short nor plain.  Plaintiff's first amended complaint lacks important details regarding what happened, when it happened and who was involved.  Absent this basic factual information, the Court cannot determine whether Plaintiff states a cognizable claim.  Plaintiff's conclusory statements are not sufficient.

#### 2. Linkage Requirement

The Civil Rights Act, under which certain causes of action proceed, provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to specifically identify the actions of the individual defendants related to his claims. Plaintiff merely lumps all defendants together, but fails to specify any particular facts against them individually. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights.

### 3. Eleventh Amendment Immunity

Insofar as Plaintiff attempts to bring claims against the State Center Community College District pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, he may not do so. Defendant State Center Community College District is entitled to Eleventh Amendment Immunity.

Within California, the Ninth Circuit has determined that Eleventh Amendment immunity extends to California community college school districts. *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (community college districts are entitled to Eleventh Amendment immunity as dependent instrumentalities of the state of California) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)); *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 254 (9th Cir. 1992) (school districts in California are considered agents of the state to which Eleventh Amendment immunity extends); *Lopez v. Fresno City College*, No. 1:11-CV-01468 AWI-MJS, 2012 WL 844911, * 6-7, (E.D. Cal. Mar. 12, 2012) (State Center Community College District, erroneously sued as Fresno City College, entitled to Eleventh Amendment immunity in section 1983 civil rights action involving claims for

constitutional violations and violations of various administrative policies).  Thus, Plaintiff's civil rights claims against the State Center Community College District are barred.

### B. Legal Standards

#### 1. Federal Claims

##### a. 42 U.S.C. §§ 1985, 1986 (Counts Three and Four)

Plaintiff asserts that defendants conspired to deprive him of property, equal protection and due process.  Section 1985 prohibits conspiracies to interfere with certain civil rights.  A claim pursuant to section 1985 must allege facts supporting an allegation that the individual defendants conspired.  "A mere allegation of conspiracy without factual specificity is insufficient."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff's first amended complaint does not include any facts supporting a conspiracy claim by the individual defendants, and his section 1986 claim against Defendant State Center Community College District is barred.

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation."  *Id.*  Therefore, a section 1986 claim only may be stated if the complaint contains a valid section 1985 claim.  *Id.*  Here, Plaintiff has not stated a valid section 1985 claim.

##### b. Equal Protection (Count Fifteen)

Although unclear, it appears that Plaintiff is asserting an equal protection claim. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged membership in a protected class.

##### c. Title VII – Employment Discrimination (Counts Sixteen and Seventeen)

To the extent Plaintiff is pursuing claims pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5, et seq, in Counts 16 (hostile work environment) and 17, his claims are not cognizable.  Title VII only protects employees, not students or other non-employees. *Adcock*

5

*v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). Thus, Plaintiff is "entitled to the protections of Title VII only if []he is an employee" of the State Center Community College District. *Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 944 (9th Cir. 2010). Plaintiff fails to allege that he is an employee. Rather, Plaintiff claims that he is student. (Doc. 11 at 14.) Further, Title VII only prohibits discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Plaintiff fails to allege that he was discriminated against based on race, color, religion, sex or national origin. Accordingly, Plaintiff fails to state a cognizable Title VII claim.

### d. Disparate Impact Theory (Count Eighteen)

In Count 18, Plaintiff asserts that defendants implemented "a psychological coercive device intricately designed to deprive individuals perceived to have a disability of their Civil Rights." (Doc. 11 at 15.) Plaintiff also alleges that the "coercive technique was implemented in such a way as to cause willing and unwilling participants to utilize it amongst the community and the plaintiff was injured by its use by way of an uncontrollable extinction of the process." (*Id.*) Although this count is entitled "disparate impact theory," the Court cannot ascertain the basis of this claim.

### 2. State Law Claims

Plaintiff also alleges violations of the California Constitution, along with other purported state law causes of action. As Plaintiff has failed to state any cognizable federal claims, the Court will not exercise supplemental jurisdiction over his state law claims at this time. 28 U.S.C. § 1367(c).

To the extent that Plaintiff seeks to pursue tort claims under California law, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001);

*Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff has failed to allege such compliance or any facts excusing such compliance.

Additionally, insofar as Plaintiff alleges violations of the California Penal Code, he has not identified any authority indicating that the cited sections of the California Penal Code create a private right of action.

### C. Leave to Amend

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting former Fed. R. Civ. P. 15(a)). As Plaintiff is proceeding pro se, he will be given a final opportunity to amend his claims to cure the identified deficiencies.

### CONCLUSION AND ORDER

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable federal claim. As noted above, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

In the amended complaint, Plaintiff shall state as briefly as possible the facts of the case, describing how each defendant is involved. For each claim, Plaintiff shall clearly and succinctly state the facts identifying the actions or omissions by each individual defendant. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a cognizable federal claim;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint;

3. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **December 1, 2015**             /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE