# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMANY DEVON THOMAS, | Case No. 1:15-cv-00826-DAD-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISAL FOR FAILURE TO STATE A CLAIM |
| v. | |
| FRESNO CITY COLLEGE, et al., | FOURTEEN-DAY DEADLINE |
| Defendants. | |

## Findings and Recommendations

Plaintiff Jermany Devon Thomas ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. On February 12, 2016, the Court granted Plaintiff's motion for leave to file an amended complaint and directed him to file a third amended complaint within thirty (30) days of the service of the order. (Doc. 19). Plaintiff's third amended complaint, filed on March 25, 2016, is currently before the Court for screening.

## Screening Requirement

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).   While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).   The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**<u>Plaintiff's Allegations</u>**

Plaintiff names the following defendants:  (1) State Center Community College District ("SCCCD"); (2) Dr. Christopher Villa, Administrator, in his individual and official capacity; (3) Laurel Blackerby-Slater, Academic Instructor, in her individual and official capacity; (4) Gerard Johnson, Academic Instructor, in his individual and official capacity; and (5) Doe 1, Student, in his or her individual capacity.

Plaintiff alleges:  SYMBAA is an on-campus program operated at Fresno City College and directed by Defendant Gerard Johnson.  Plaintiff alleges that this program established a code of conduct that remained an "element of dysfunction" and had a purpose "to devastate current and future academic and professional opportunities."  Doc. 21 at ¶ 8.  Plaintiff contends that "a disruptive change in the course seating structure, during the fall 2013 semester, created an enduring altercation of the plaintiff's educational experience." *Id*.

Beginning in the spring 2014 semester, Plaintiff made efforts to re-arrange his academic

work schedule by integrating with the general student body.  Plaintiff contends that he enjoyed an excellent reputation of outstanding academic performance, achieving the Dean's List of Honor Students consistently for three full-term semesters and two summer sessions.  Plaintiff also volunteered for disabled students.  Plaintiff contends that this provided future opportunities, including graduating at the highest level of honors.

Defendant Blackerby-Slater taught mathematics courses during the spring and summer 2014 semesters.  Plaintiff alleges that the students "implemented verbal harassment" that resembled a flash mob, with the implied approval of Defendant Blackerby-Slater.  Doc. 21 at ¶ 11.  Plaintiff contends that students began repeatedly referring to him as a disease on a daily basis.  Plaintiff made an informal complaint to Defendant Blackerby-Slater in an effort to informally resolve the matter.

Plaintiff contends that there was deliberate indifference shown by SCCCD staff.  On or about March 20, 2015, Defendant Johnson allegedly stated to the class, "I'm glad you guys got the word out to stay away from that cock sucker."  Doc. 21 at ¶ 14.  Plaintiff asserts that it was unclear whether the statement concerned him, but alleges that it was consistent with the context of the situation.  Plaintiff further alleges that the insult was sufficiently severe that it permitted him to be subjected to intimidation, ridicule, political and economic oppression.  Plaintiff also alleges that the general public also "acquiesced in the phenomenon."  *Id.*  Plaintiff made an effort to correspond with the instructor at the close of class to inquire if the statement was made.  Plaintiff alleges that the process surrounding the incident created unwarranted publicity and subjected him to public scorn, hatred and ridicule.

Plaintiff further alleges that the participants published falsehoods about his medical health information.  Plaintiff asserts that he was being classified as a skunk, disease and disease factor.  Although Plaintiff was exercising his right to be let alone, private actors would profusely fart in his face.

Plaintiff sought help from the Fresno City College crisis intervention team on March 20, 2014.  Plaintiff also filed an oral complaint with Defendant Villa.  A scheduled appointment took place on April 23, 2014, and Defendant Villa intended to speak with Defendant Johnson.

Plaintiff asserts that Defendant Villa did not take reasonable steps to correct or prevent the harassment and Plaintiff was not advised of any right to file a complaint with the Office of civil Rights of the U.S. Department of Educations as required by SCCCD administrative regulations and policy.  Plaintiff asserts that he lost substantial rights due to the failure to forestall conduct by faculty members.

On April 29, 2014, Plaintiff was having a private conversation with a classmate.  Plaintiff stated, "Today is my birthday."  The following day, Defendant Blackerby-Slater announced to the class, "Today is infectious disease day."  On May 1, 2014, Defendant Blackerby-Slater approached Plaintiff and inquired, "How was your birthday yesterday Jermany?"  Doc. 21 at ¶ 24.  Plaintiff contends that this was an attempt to gain tactical advantage and oppress.  Plaintiff responded that his birthday was two days earlier and requested that Defendant Blackerby-Slater refrain from addressing jokes in his direction.  Plaintiff walked out of class crying and spoke with Dr. Farley.  On the same day, Plaintiff filed a formal written grievance with Defendant Villa to address his concern.

Plaintiff contends that the school district was deliberately indifferent to the students' harassing acts and the administrators and teachers avoided confronting student-on-student harassment on the basis of Plaintiff's disability.  Plaintiff asserts that public officials constricted access to self-help and encouraged others to impede Plaintiff's exercise of his rights.

On July 2, 2014, Defendant Doe 1 filed an allegedly false report with SCCCD police. The allegations were that Plaintiff indirectly stated, "This is why school shootings happen." Doc. 21 at 7.  In addition, the allegations included that Plaintiff muttered to himself, that Plaintiff had conversations with Defendant Doe 1 that made him/her feel uncomfortable and that Plaintiff initiated a disagreement with an instructor prior to uttering the alleged statement.  Plaintiff reportedly began speaking to the student through the use of "surveys" in an attempt to achieve informal resolution.  *Id.*

Plaintiff was contacted at his residence and was arrested approximately five hours after the alleged incident.  Plaintiff was handcuffed, transported to Fresno County Jail and charged with violations of the Penal Code.  The Fresno County District Attorney declined to file charges

and Plaintiff was released from jail on July 7, 2014.

On July 16, 2014, Defendant Villa charged Plaintiff with violation of SCCCD regulations based on allegations that Plaintiff engaged in expression that was obscene, libelous or slanderous or that so incites students as to create a clear and present danger of the commission of unlawful acts on district premises.  Plaintiff believes this document was antedated and concealed, which prompted him to file a complaint the Office of Civil Rights on February 6, 2015.

Plaintiff asserts that he attempted to appeal the decision through channels authorized by SCCCD policy.  On July 10, 2015, Plaintiff was allowed to complete on-line classes only. Plaintiff contends that this effectively denied him equal access to SCCCD's resources and opportunities.

On September 4, 2015, the Office of Civil Rights noted that SCCCD's determination letter issued ten months after the complaint did not comport with SCCCD's own procedure requiring investigation and determination letter be completed within three months.  Plaintiff contends that the response infers an unlawful motive.

Plaintiff alleges that SCCCD and subordinates authorized and tolerated practices, ratifying misconduct by:  failing to properly discipline, restrict and control employees, including Defendant Doe 1; failing to forward evidence to the Fresno District Attorney of criminal acts committed by students and staff; and failing to establish and assure the functioning of a meaningful system for dealing with complaints of employee misconduct.

Plaintiff alleges the following causes of action:  (1) violation of 42 U.S.C. § 1983 by all defendants; (2) violation of 42 U.S.C. § 1985 by all defendants; (3) violation of 42 U.S.C. § 1986; (4) violation of section 504 of the Rehabilitation Act; (5) intent to discriminate/deliberate indifference; (6) hostile learning environment; (7) retaliation; and (8) violation of California Civil Code 52.1(a).

**Discussion**

**1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Many of Plaintiff's assertions are conclusory, convoluted or based on irrational inferences. By way of example, Plaintiff alleges:

> Per Se the student body of the program, simulated a practice encouraged, and directed by Fresno City College staff. Initially, they'd established a code of conduct that remains an element of dysfunction. Its purposes have been used to devastate current and future academic and professional opportunities. Enduring the conduct was skeptically unclear, whether the acts were of and concerning the plaintiff. However, a disruptive change in the course seating structure, during the fall 2013 semester, created an enduring altercation of the plaintiff's educational experience.

Doc. 21 at ¶ 8.

Plaintiff also alleges:

> The process surrounding the incident before and after the comment was made, acted in a way that was creating unwarranted publicity. The phenomenon intentionally subjected the plaintiff to public scorn, hatred, and ridicule. The motive was unclear on the face of the obstructions to Constitutional Substantive Due Process. However, based upon the distinguishing characteristics of the instituted conduct, the devastation was clearly unified through concerted efforts. [¶] The participants enhanced the intrusion, by erroneously publishing calculated falsehoods about the plaintiff's medical health information. The regressive transitioning implied an explicit approval of the plaintiff's constitutional deprivation. The medium of speech was obscured by innuendo. Similar to a "blue walled" code of silence, like a "cover up." The plaintiff was being discriminately classified by the process, as a skunk, disease, and "disease factor." In addition, the private actors were developing ways to permissively under mind standard of personal security. Despite the plaintiff exercising the right to be let alone, there was bodily injury that continued. For example, through the private actors, they would profusely fart in the plaintiffs face. The inflicted injuries became impairments that were physically disabling, as a result of the initiation of the relentless process.

Doc 21 at ¶¶ 16, 17.

Plaintiff alleges:

The process was a deliberate practice, intended to foreclose on equal entitlement of the laws, in an attempt to render hollow redress. They began to attack the plaintiffs ability to maintain and enter into private relationships. This would sustain damages long enough to suit the predominant purpose.

Doc. 21 at ¶ 23.

Plaintiff further alleges:

The response by the policy maker or lack thereof inferred an unlawful motive, in addition to inflicting serious damages to the plaintiffs standing and associations within the community. There was no rational basis for the plaintiff to differ from those who were similarly situated, that would justify the differential treatment. [¶] The objective evidence of the unlawful motive resembled itself as an over act, at the plaintiff's place of employment. The participators encouraged the object of conspiracy, by conspiring in concert from one jurisdiction to another. The plaintiffs right to be let alone were rendered hollow. [¶] The devastation continues to flow through the conduct, and the illegal goals have placed the plaintiff vulnerable to third party crime. This conduct is used to seize right to equal access into public facilities. It has also diminished adequate remedies at law, and enhanced irreconcilable differences with state and federal rights.

Doc. 21 at ¶¶ 38-40. Such statements are insufficient to support cognizable claims. In this fashion, Plaintiff's complaint fails to comply with Rule 8.

Additionally, the crux of Plaintiff's complaint appears to stem from statements by Defendants Blackerby-Slater and Johnson. However, at the outset of Plaintiff's complaint, he admits that it is unclear whether the acts were concerning or regarding Plaintiff. Doc. 21 at ¶ 8. The lack of a factual basis for his complaint not only fails to comply with Rule 8, but also the provisions of Federal Rule of Civil Procedure 11, which require that factual contentions have evidentiary support or will likely have evidentiary support. Fed. R. Civ. P. 11(b)(3).

## 2. Eleventh Amendment Immunity

Insofar as Plaintiff attempts to bring claims against the State Center Community College District pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, he may not do so. Defendant State Center Community College District is entitled to Eleventh Amendment Immunity.

Within California, the Ninth Circuit has determined that Eleventh Amendment immunity extends to California community college school districts. *Cerrato v. San Francisco Cmty. Coll.*

*Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) (community college districts are entitled to Eleventh Amendment immunity as dependent instrumentalities of the state of California) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)); *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 254 (9th Cir. 1992) (school districts in California are considered agents of the state to which Eleventh Amendment immunity extends); *Lopez v. Fresno City College*, No. 1:11-CV-01468 AWI-MJS, 2012 WL 844911, * 6-7, (E.D. Cal. Mar. 12, 2012) (State Center Community College District, erroneously sued as Fresno City College, entitled to Eleventh Amendment immunity in section 1983 civil rights action involving claims for constitutional violations and violations of various administrative policies).  Thus, Plaintiff's civil rights claims against the State Center Community College District are barred.

### 3.   Claim One:  42 U.S.C. § 1983

The Civil Rights Act, under which certain causes of action proceed, provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Plaintiff contends that defendants violated his constitutional rights, including his "rights to [be] free from unlawful injury, fourth amendment right to be free from unlawful seizure of his person, fifth and fourteenth amendment rights to due process of law, right to be let alone, right to be free from bodily injury, rights to free expressing through the right of association, and privacy."  Doc. 21 at ¶ 45.  Plaintiff appears to attribute these violations to "employees" causing a deprivation of his rights.  *Id.* at ¶ 46.

As an initial matter, section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts,

or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff appears to lump all of the individual defendants together in asserting that they violated his constitutional rights, including his Fourth, Fifth and Fourteenth Amendment rights. Plaintiff fails to specifically identify the actions of the individual defendants in reference to his constitutional claims. Additionally, Plaintiff has failed to state cognizable constitutional violations.

### First Amendment

Plaintiff's complaint generally alleges that defendants have violated his "rights to free expressing through the right of association." Plaintiff has failed to plead specific facts describing the protected speech at issue and how defendants interfered with his rights to free speech and freedom of association. *See Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 266-108 S.Ct. 562, 98 L.Ed.2d 592 (1988) (discussing First Amendment rights of students and noting they are not coextensive with the rights of adults in other settings); *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 513, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) (conduct by student, in class or out of it, which for any reason materially disrupts classwork or involves substantial disorder or invasion of the rights of others is not immunized by the constitutional guarantee of freedom of speech); *Brown v. Li*, 308 F.3d 939, 947 (9th Cir. 2002).

### Fourth Amendment

Plaintiff alleges that defendants violated his Fourth Amendment right to be free from unlawful seizure of his person. The Fourth Amendment protects against "unreasonable searches and seizures." *Scott v. United States*, 436 U.S. 128, 137, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978). When evaluating a Fourth Amendment violation, we ask whether "the circumstances, viewed objectively, justify [the challenged] action." *Id.* at 138. If so, that action was reasonable "whatever the subjective intent" motivating the relevant officials. *Wren v. United States*, 517 U.S. 806, 814, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). This approach recognizes that the Fourth Amendment regulates conduct rather than thoughts. *Bond v. United States*, 529 U.S. 334, 338, n. 2, 120 S.Ct. 1462, 146 L.Ed.2d 365 (2000).

Here, none of the named defendants effectuated a seizure of his person.  The SCCCD police officer identified in Plaintiff's complaint is not a defendant in this action.  Further, there is nothing to connect Defendants Johnson, Blackerby-Slater or Villa with the actions of the SCCCD police officer.  Plaintiff's conclusory allegations of a conspiracy are insufficient.  With respect to the assertions of the Doe Defendant, which formed the basis of the arrest, Plaintiff does not deny that he made a statement regarding school shootings or incited an argument with school officials.

<u>Fifth and Fourteenth Amendments - Due Process</u>

Plaintiff alleges that defendants violated his Fifth and Fourteenth Amendment due process rights.  The Due Process Clause of the Fifth Amendment provides that no one shall "be deprived of life, liberty, or property without due process of law." "[T]he Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.2008). Since there are no federal defendants in this action, the Fifth Amendment Due Process Clause does not apply.

Although not entirely clear, it appears that Plaintiff is alleging a violation of his due process rights under the Fourteenth Amendment based on defendants' failures to process his written complaint in a timely manner and limiting him to online classes.  To gain the procedural protections of the Due Process Clause of the Fourteenth Amendment, Plaintiff must demonstrate that (1) he was deprived of a liberty or property interest and (2) defendants failed to provide sufficient due process with respect to such deprivation. *Bd. of Curators of Univ. of Missouri. v. Horowitz*, 435 U.S. 78, 83-85, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978).  The court assumes without deciding that Plaintiff had a property or liberty interest in continued enrollment at Fresno City College.  In this instance, however, Plaintiff admits that he was permitted to attend online classes.  Thus, Plaintiff cannot demonstrate that he was deprived of any property interest.  Further, the record establishes that Plaintiff's written complaint – unrelated to his ability to attend classes on campus -- was investigated, albeit in an untimely manner.

///

///

<u>Privacy</u>

Plaintiff alleges that his right to privacy was violated.  Although not entirely clear, Plaintiff presumably is referencing the disclosure of his  medical health information and the subsequent actions of private actors calling him a skunk, disease and disease factor.  The right to privacy encompasses an individual's interest in avoiding disclosure of personal matters, *Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), and has been held to extend to the disclosure of medical or psychiatric records to the public. *See, e.g., Harris v. Thigpen*, 941 F.2d 1495, 1513 (11th Cir. 1991); *Allen v. Hall*, 1993 WL 20136, *1-2 (D. Or. Jan. 27, 1993). Here, Plaintiff has failed to identify the medical information allegedly disclosed by individual defendants or any other factual information sufficient to support a privacy claim.  That private actors may have called him names is not a sufficient basis to infer that medical health information was improperly disclosed.  Despite leave to amend, Plaintiff has failed to cure the deficiencies in this claim.

### 4.   Claims Two and Three:  42 U.S.C. §§ 1985 and 1986

Plaintiff asserts that defendants conspired to deprive him of property, equal protection and due process.  Section 1985 prohibits conspiracies to interfere with certain civil rights.  A claim pursuant to section 1985 must allege facts supporting an allegation that the individual defendants conspired.   "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff's amended complaint does not include any facts supporting a conspiracy claim by the individual defendants, and his section 1986 claim against Defendant State Center Community College District is barred.

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation." *Id.* Therefore, a section 1986 claim only may be stated if the complaint contains a valid section 1985 claim. *Id.*  Here, Plaintiff has not stated a valid section 1985 claim.  Plaintiff has been unable to cure these deficiencies.

///

///

### 5.   Claim Four:   Section 504 of the Rehabilitation Act

To establish a violation of § 504 of the Rehabilitation Act, a plaintiff must show that (1) he is an individual with a disability; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services of the program solely by reason of his disability; and (4) the program receives federal financial assistance. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff fails to allege that he is an individual with a disability or that he was denied a benefit or service by reason of a disability.  Plaintiff appears to suggest that other students perceived him to be disabled or diseased or regarded him as having a disability, alleging that he was harassed and called names.  Doc. 21 at ¶¶ 55, 58, 59, 62.  Plaintiff also fails to establish that SCCCD, Fresno City College or any of the named defendants denied him a benefit or service because of a disability.  Plaintiff has been unable to cure the deficiencies of this claim.

### 6.   Claim Five:   California Civil Code § 52.1(a)

Plaintiff attempts to bring suit pursuant to California Civil Code section 52.1(a). However, this subsection applies to actions brought by the Attorney General, district attorney or city attorney.  Cal. Civ. Code § 52.1(a).

Insofar as Plaintiff is attempting to bring a claim on his own behalf for civil damages pursuant to subsection 52.1(b) based on rights secured by the Constitution or laws of the United States or the State of California, he has failed to state a cognizable claim.  Cal. Civ. Code § 52.1(b).  As discussed above, Plaintiff has failed to state a cognizable claim based on violations of the Constitution or laws of the United States.  Further, Plaintiff has not alleged a cognizable claim based on any violation of the California Constitution or state law.

Additionally, to the extent that Plaintiff seeks to pursue tort claims under California law against a public entity or its employees, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint.  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101,

1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  Plaintiff has failed to allege such compliance or any facts excusing such compliance.

### 7.  Request for Joinder

Plaintiff has filed a related request for joinder of claims regarding his employment at Denny's.  Doc. 22.  Given the Court's intended recommendation to dismiss this action for failure to state a claim, Plaintiff's request for joinder of unrelated claims is moot.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff's complaint fails to comply with Rule 8 and fails to state a cognizable federal claim.  Despite multiple opportunities, Plaintiff has been unable to cure the deficiencies of his claims and further leave to amend is not warranted.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      This action be dismissed for failure to state a cognizable claim; and

2.      Plaintiff's request for joinder be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 18, 2016**                    /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE